But counsel for plaintiffs insist that the statute of California is different from the English and New York statutes, and that the decisions under those statutes, consequently, have no application. In this they are mistaken. Section sixteen of the statute of California, as amended in 1863, so far as it touches this question, is an exact transcript of section sixteen of the statute of New York, from which it was taken. It is as follows: "If the person entitled to commence any action for the recovery of real property * * * be at the time, such title shall first descend or accrue, either. First, within the age of majority," etc. St. 1863, 326. The language of the statute of New York is: "If any person entitled to commence any action in this article specified * * * be at the time, such title shall first descend or accrue, either," etc. Ang. Lim. Append. 62, § 16. It will be seen that the language is identical. The language itself is clear, independent of authority; it is, if any person "entitled" to commence an action be at the time, "such title"—that is, such title, or right to commence the action, referring to the word "entitled," in the language of the first part of the clause—"shall first descend or accrue." It only excepts the case when the right or title to commence the action "first descends" or "first accrues." It excepts only once, and that "the first." Now, in this case, the right or title to commence the action "first accrued" to Harris, the ancestor, and not to the plaintiffs. So, also, our statute is substantially a transcript of the English statute of 21 James I, which reads: "If any person * * * that is or shall be entitled to such writ (that is to commence such action), * * * or that hath or shall have such right or title of entry, be or shall be at the time of said right or title first descended, accrued, come or fallen within the age of twenty-one," etc. Ang. Lim. §§ 477–479, and Id. Append. 4, § 2. The language in all these statutes is subsequently identical, and must receive the same construction. The construction had long been thoroughly settled by judicial decisions when this provision was adopted in this state, and such construction must be presumed to have been adopted with the language. Besides, I think the construction correct.

It is further insisted that the defendants had not, personally, been in possession during the entire statutory periods, and that they cannot connect their possession with the possession of their grantors in order to make up the full term. There is nothing in this point. Harris was disseized under a claim of title, as early as 1864, and the disseizors transferred the possession acquired by them with their title to their grantees. The possession of the defendants is the same as that of their grantors—the possession and the interest were continuous. This principle has been long and repeatedly recognized by the courts of California. San Francisco v. Fulde, 37

Cal. 349. The conclusion attained renders it unnecessary to consider the other interesting points made by defendants. It results that the bar of the statute attached before the commencement of this action, and the defendants are entitled to judgment and costs. Let judgment be entered accordingly.

[NOTE. Plaintiffs took a writ of error from the supreme court (99 U. S. 161), assigning for error that the court erred in the conclusion of law that the statute of limitations began to run as early as July 1, 1864, that the defendants were in possession for more than five years subsequently, and that the defendants were entitled to judgment. The judgment of the circuit court was affirmed in an opinion by Mr. Justice Clifford in a review of the facts, holding that where the property is so situated as not to admit of use or residence, neither actual occupation, cultivation nor residence are absolutely necessary to constitute legal possession if the continued claim of the party is evidenced by such public acts of ownership as the owner would exercise over property which he claimed in his own right, and would not exercise over property which he did not claim.]

---

HARRIS (NICHOLS v.). See Cases Nos. 10,-243 and 10,244.

---

## Case No. 6,126.

### HARRIS v. NUGENT.

[3 Cranch, C. C. 649.][1]

Circuit Court, District of Columbia. Nov. Term, 1829.

MARITIME JURISDICTION—FERRYBOAT — LIABILITY OF MASTER FOR WAGES.

1. The maritime law does not apply to such boats as the Tyber steamboat, a ferryboat running between Washington and Alexandria.

[Cited in Murray v. The F. B. Nimick, 2 Fed. 90.]

2. The master of such a boat is not personally liable for the wages of the hands.

Appeal from the judgment of a justice of the peace for the wages of [William B.] Nugent on board the Tyber steamboat, a ferryboat, or packet, running between Washington and Alexandria. Nugent was the plaintiff below. The evidence which he relied upon was the following paper: "Shipped W. A. B. Nugent, May 6, 1829, on board the Tyber steamboat, at twenty-two dollars per month. For the steamboat Tyber, John Harris." And parol evidence that Harris was the master of the boat; but had been dismissed before suit brought. The justice had given judgment only for the amount of wages up to the time when the master was dismissed.

THE COURT (nem. con.) reversed the judgment; being of opinion that it was not a personal engagement by Harris, and that the maritime law did not apply to such boats, so employed.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]